NEHEMIAH S. BURPEE *v.* IRA SMITH, LEVI TROWBRIDGE, JOHN VAN TINE, JAMES G. HORTON, AND DANIEL HARDING.

It is well settled that a Court of Chancery will relieve against a judgment at law, where complainant was prevented from making his defence at law by the fraudulent conduct of the defendant.

Where a defendant demurs to discovery and relief, when he should have demurred to discovery only, his demurrer will be overruled.

Where one of several defendants demurs to discovery on the ground that it would subject him to a criminal prosecution, his demurrer should be confined to such parts of the bill as tend to implicate him in the supposed crime.

Where complainant had signed a joint and several note with H. and was sued alone, and had judgment rendered against him on the note at law, *held*, that he need not make H. a party to a suit in this Court to restrain proceedings on the judgment at law.

A magistrate before whom a judgment was rendered is not a proper party defendant to a suit brought in Chancery to restrain proceedings on it.

Courts of equity restrain proceedings at law, when necessary to the attainment of justice, not by assuming jurisdiction over the Courts in which the proceedings are pending, but by controlling the parties to such proceedings by injunction.

Where an officer has an execution in his hands, still in force, he is a necessary party to a bill which seeks to restrain proceedings upon the judgment on which it was issued.

THIS was a hearing on demurrer to a bill seeking relief against a judgment obtained before a justice of the peace.

Trowbridge, one of the defendants, obtained a judgment against complainant, before a justice, on a joint and several note for $100, of complainant and one Hutchins, dated March 1st, 1838, and payable to Smith or order, six months after date. The bill stated that Smith charged Hutchins with feloniously taking his property, and that the note was given to settle the matter between them,—

complainant signing it as surety for Hutchins; and that, after it became due, Smith transferred it to Trowbridge, who sued it in his own name for Smith's benefit. The other facts stated in the bill, sufficiently appear in the opinion of the Court. All of the defendants except *Harding*, against whom the bill was taken as confessed, demurred to the discovery and relief.

*H. T. Backus*, in support of the demurrer.

*A. H. Hanscom*, contra.

THE CHANCELLOR. One ground of demurrer is, that complainant had a good defence at law, and should have availed himself of it before the justice. When the summons was served, he did not know Trowbridge was the holder of the note. Trowbridge held a note against him of about eleven dollars, a part of which had been paid some three or four weeks before, and complainant thought he was sued for the balance due on that note. He had never been called on to pay the Smith note by either Trowbridge or Smith; and the suit being against him alone, there was nothing in the summons to put him on his guard. To keep him in ignorance of the true character of the suit, as it would seem, Trowbridge sent a man to him on the evening of the day preceding the return of the summons, with a falsehood in his mouth, to inform him that judgment had on that day been obtained against him and that he need not be at the trouble of attending court. Such are the statements of the bill; and, if true, as they must be taken to be for the purpose of disposing of the demurrer, they show complainant lost his defence, not by neglect, but through the unwarrantable, if not fraudulent conduct of Trowbridge, by which he was lulled into security. It is hardly necessary to say, that this Court will give relief in

such circumstances.   Complainant did not learn judgment had been obtained on the Smith note, until it was too late to appeal.

Another ground of demurrer is, that the bill shows the note was given to compound a felony ; and that equity will not compel a defendant to discover on oath a fact, which, if true, will subject him to a criminal prosecution. This objection can apply to Smith only ; and he, to have availed himself of it in this way, should have demurred to the discovery only, and not to both discovery and relief ; for although complainant may not be entitled to a discovery of the whole case from Smith, yet, he will be entitled to relief against him, if he can make out his case by other evidence.   The demurrer should also have been limited to such parts of the bill as implicate Smith in the supposed crime.   *Edwards* v. *Hulbert, ante 54.*

The next objection is, that Hutchins is not a party. Complainant signed the note as surety for Hutchins.   It is the several note of each, as well as the joint note of both ; and the judgment is against complainant only.   I therefore see no reason for making Hutchins a party.   If sued on the note, he can make his defence at law, and he may, or he may not choose to avail himself of it.   This Court cannot control him in that respect.   As Trowbridge sued complainant alone, he cannot object that Hutchins is not a party to the present suit ; because he might have made him a party to the judgment, but did not.

The judgment was obtained before Horton, but that is no reason for making him a party.   He could take no step in the cause before him, unless it was moved by one or other of the parties.   It was not necessary, therefore, that he should be a party, to insure an observance of the injunction.   Courts of equity restrain proceedings at law, when necessary to the attainment of justice, not by assuming

jurisdiction over the Court in which the proceedings are pending, but by controlling the parties to such proceedings, by injunction.

Van Tine, the officer, stands on different ground. It is fairly to be inferred from the bill, although it is not in express terms alleged, that the execution was still in his hands, in full force, when the bill was filed. It was necessary to make him a party that the injunction might extend to him. *Fellows* v. *Fellows*, 4 *J. C. R.* 25.

Demurrer allowed, and bill dismissed, as to Horton, and overruled as to the other defendants.